IN THE CIRCUIT COURT IN AND FOR LEE COUNTY, FLORIDA

MIKE HART,

    Plaintiff,

v.

ACE INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

CASE NO.

## COMPLAINT FOR DAMAGES

  COMES NOW Plaintiff, Mike Hart (hereafter, "Plaintiff"), by and through the undersigned attorneys, and hereby sues Defendant, Ace Insurance Company Of The Midwest (hereafter "Defendant"), and alleges:

1. This is an action for damages in excess of $30,000.00.

2. At all times material hereto, Plaintiff was and is a resident of the county of this court and otherwise *sui juris*.

3. At all times material hereto, Defendant was and is an insurance corporation doing and/or transacting business in the county of this court.

4. At all times material hereto, Defendant was and is authorized by the Florida Department of Financial Services to issue property insurance policies in Florida.

5. At all times material hereto, in consideration of premiums paid by Plaintiff, there was in full force and effect certain insurance policy bearing policy number 268-05-08-06H (hereafter called the "Policy").

6. Plaintiff does not have a true and complete copy of the Policy, but Defendant has a true and correct copy of the Policy. Plaintiff reserves the right to supplement this complaint by attaching a copy of the Policy after same is provided by Defendant in response to discovery requests.

7. Under the terms of the Policy, Defendant insured Plaintiff against certain losses to Plaintiff's

property located at 22661 Fairlawn Court Bonita Springs, FL 34135 (hereafter called the "Property").

8. On or about September 10, 2017, while the Policy was in full force and effect, Plaintiff suffered a covered loss; to wit: Hurricane Irma causing damage to the property (hereafter the "Loss").

9. Defendant assigned claim number 77152855 to the Loss.

10. Under the Policy, Defendant had an affirmative obligation to properly adjust and pay all losses with Plaintiff.

11. Defendant, however, has failed to properly adjust the loss or provide a coverage, in violation of their obligation to properly adjust and pay the Loss.

12. Defendant has been on notice of Plaintiff's claim for over 90 days yet continues to refuse to provide a coverage decision or payment for the Loss.

13. Due to Defendant's failure to properly adjust and pay the Loss, Defendant has failed to pay the full amount of insurance proceeds due to Plaintiff.

14. As such, Defendant has breached the Policy by failing to perform their affirmative obligation to adjust and pay the Loss with Plaintiff.

15. All conditions precedent to the filing of this action have been met or have been waived.

16. Plaintiff has been obligated to engage the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorney's fee thereby pursuant to §627.428, Fla. Stat. and/or §626.9373, Fla. Stat.

WHEREFORE Plaintiff sues Defendant for damages in excess of $30,000.00, plus statutory interest pursuant to §627.70131(5)(a), Fla. Stat., court costs and reasonable attorney's fees pursuant to Fla. Stat., §627.428 and/or §626.9373, Fla. Stat.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES TRIABLE AS A MATTER OF RIGHT BY A JURY.**

Respectfully submitted,

**KATRANIS, WALD & GARNER, PLLC**
501 E Las Olas Blvd., Suite 200/300
Fort Lauderdale, Florida 33301
Tel.: (754) 231-8107
E-Service Email: service@kwglegal.com
Non-Service Email: Margaret@kwglegal.com
Secondary Email: jordan@kwglegal.com

By: /s/ Jordan Sacks, Esq.
      Margaret E. Garner, Esq.
      Florida Bar No.: 85908
      Jordan Sacks, Esq.
      Florida Bar No.: 122521